## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7066 | DATE | February 6, 2008 |
| CASE TITLE | Stevie Jackson (#2006-060297) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Stevie Jackson's motion and application for leave to proceed *in forma pauperis* [3], [4] are granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $2.80 from plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk is directed to issue summonses for service by the U.S. Marshall on defendants City of Chicago, Phil Clines, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. The Chicago Police Department is not a suable entity and is dismissed as a defendant. The clerk is further directed to send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion to appear in court [4] is denied. Plaintiff's motion for the appointment of counsel [5] is denied without prejudice.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff Stevie Jackson (#2006-060297), currently incarcerated in Cook County Jail, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants falsely arrested plaintiff and used excessive force during the arrests.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.80. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred, and Cook County Jail trust fund officers shall notify authorities of any outstanding balance if plaintiff is transferred to another facility.

(CONTINUED)

isk

## STATEMENT (continued)

     Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. In this case, plaintiff may not proceed with his claim against the Chicago Police Department. The Chicago Police Department is not an entity separate from the City of Chicago, is not a suable party, and is dismissed as a defendant in this case. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp.2d 1086, 1089 (N.D. Ill. 2001). Plaintiff may proceed against the other listed defendants, the City of Chicago, Phil Clines, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. The clerk shall issue summonses forthwith for these defendants and send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

     The United States Marshals Service is appointed to serve the defendants, the City of Chicago, and Chicago Police Officers Phil Clines, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by plaintiff, the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

     With respect to plaintiff's request to appear in court, the court will inform plaintiff and the parties when and how plaintiff may participate in these proceedings.

     Plaintiff's motion for the appointment of counsel is denied at this time. Although civil litigants do not have a statutory or constitutional right to counsel, this court may appoint counsel at any time during the proceedings if the complexity of the case and the plaintiff's inability to litigate the case himself demonstrate that counsel would provide a substantial benefit. *Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007).; *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). In this case, however, the plaintiff has not demonstrated that he has made any efforts to obtain counsel or that he was prevented from doing so, *Gil v. Reed*, 381 F.3d at 656; nor does his case, at this early stage, involve complex discovery or an evidentiary hearing. The appointment of counsel is not warranted at this stage of the case. *See Pruitt v. Mote*, 503 F.3d at 654-56; *Gil v. Reed*, 381 F.3d at 656; *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1991).