Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7066 | DATE | April 4, 2008 |
| CASE TITLE | Stevie Jackson (#2006-060297) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Stevie Jackson's amended complaint supersedes the original complaint. The clerk is directed to issue summonses for service of the amended complaint [13] by the U.S. Marshall on defendants City of Chicago, Phil Clines, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. The Chicago Police Department is not a suable entity and is dismissed as a defendant. The clerk is further directed to send to plaintiff Instructions for Submitting Documents along with a copy of this order. The defendants need respond to only the amended complaint. Plaintiff's second motion for appointment of counsel [14] is denied without prejudice.

■ [For further details see text below.]                                            Docketing to mail notices.

### STATEMENT

Plaintiff Stevie Jackson (#2006-060297), currently incarcerated in Cook County Jail, has filed an amended complaint prior defendants filing a responsive pleading to the original complaint. The Court thus allows the amended complaint. *See* Fed. R. Civ. P. 15(a). As with the original complaint, plaintiff's amended complaint alleges that defendants, Chicago Police Officers Bates, Lorredo, and Singleton falsely arrested plaintiff on two separate occasions, and used excessive force during the arrests. Plaintiff also claims that Superintendent Kline, the City of Chicago, and the Chicago Police Department allowed and/or encouraged its officers to use excessive force.

A preliminary review of the amended complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff asserts a colorable cause of action against the City of Chicago, Phil Kline, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. The clerk shall issue summonses for service of the amended complaint forthwith for these defendants and send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. However, the Chicago Police Department is not separate from the City of Chicago; is not itself a suable party; and is dismissed as a defendant in this case. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp.2d 1086, 1089 (N.D. Ill. 2001).

Therefore, plaintiff may proceed with his amended complaint against City of Chicago, Phil Kline, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. These defendants need respond only to the amended complaint, which supersedes the original complaint.

isk

| STATEMENT (continued) |
|---|

    The United States Marshals Service is appointed to serve the amended complaint on the defendants, the City of Chicago, and Chicago Police Officers Phil Kline, Sgt. Bates #2104, Officer Singleton #19339, and Officer Loffredo #9734. If an attorney has entered an appearance in this case for any of these defendants, service for that defendant may be done by providing the amended complaint to the defendant's attorney. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by plaintiff, Chicago Police Department officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service, or to show proof of service if a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is again instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

    Plaintiff's second motion for the appointment of counsel is denied at this time. Although civil litigants do not have a statutory or constitutional right to counsel, this court may appoint counsel at any time during the proceedings if the complexity of the case and the plaintiff's inability to litigate the case himself demonstrate that counsel would provide a substantial benefit. *Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007).; *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). In this case, however, the plaintiff has not demonstrated that he has made any efforts to obtain counsel or that he was prevented from doing so. Nor does his case, at this early stage, involve complex discovery or an evidentiary hearing, and plaintiff's pleadings before this Court, despite his contentions, indicate that he is able to proceed adequately at this time. The appointment of counsel is not warranted at this stage of the case. *See Pruitt v. Mote*, 503 F.3d at 654-56; *Gil v. Reed*, 381 F.3d at 656; *Maclin v. Freake*, 650 F. 2d 885, 887 (7th Cir. 1991).