UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mr. Steve Jackson | ) | |
| | ) | |
| Plaintiff | ) | Case No. 07 C 7066 |
| | ) | |
| v. | ) | Judge Anderson |
| | ) | |
| City of Chicago a municipality, Philip Kline, Sgt. Bates #2104, Officer Singleton #19339, Officer Lorredo #9734, | ) ) ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**DEFENDANTS BATES, SINGLETON, AND LOFFREDO'S
MOTION TO STAY**

Defendants Bates, Singleton, and Loffredo (collectively "Defendant Officers"), by and through their one of their attorneys Shneur Z. Nathan, Assistant Corporation Counsel of the City of Chicago, respectfully move pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), to stay the proceedings. In support of this motion, Defendant Officers state as follows:

1. Plaintiff filed his *pro se* amended complaint pursuant to 42 U.S.C. § 1983 on or about March 17, 2008, against Defendant Officers, former Chicago Police Department Superintendent Phil Cline, and the City of Chicago.

2. The allegations in the amended complaint concern the propriety of and circumstances surrounding Plaintiff's arrests on August 6, 2006 and January 23, 2007.

3. Stemming from these arrests, Plaintiff is currently facing felony criminal charges including delivery of a controlled substance. These criminal cases are currently pending before Judge Sharon M. Sullivan in Room 209 of the Circuit Court of Cook County, Criminal Courts Division, in Skokie, under case numbers 06CR1959401 and 07CR0370901 respectively. Upon information and belief, the next criminal court date scheduled as of the filing of this motion is June 6, 2008.

4. Defendant Officers bring this motion to stay these civil proceedings until the time of final disposition of the criminal proceedings.

5. Federal Courts should not entertain a claim for damages under § 1983 if disposition of that civil action would involve ruling on issues in dispute in the pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Hudson v. Chicago Police Department, et al.*, 860 F.Supp. 521, 523 (N.D. Ill. 1994); *see also Johnson v. City of Chicago*, 712 F.Supp. 1311, 1317 (N.D. Ill. 1989); *Feaster v. Miksch*, 846 F.2d 21, 24 (6th Cir.) *cert denied*, 109 S. Ct. 148 (1988).

6. Under the doctrine set forth in *Younger v. Harris* and its progeny, federal courts, except in extraordinary circumstances, are prohibited from interfering with ongoing state criminal proceedings in deference to principles of equity, comity, and federalism. *Younger*, 401 U.S. at 53 (1971); *State of Indiana v. Haws*, 131 F.3d 1205 (7th Cir. 1997).

7. The issues raised in Plaintiff's amended complaint are necessarily interrelated with the ongoing state criminal proceedings. The actions of the Defendant Officers in arresting Plaintiff constitute the foundation and context of the events alleged by the state in the underlying criminal case and Plaintiff's amended complaint.

8. Furthermore, some or all of Plaintiff's claims may be precluded by the outcome of the criminal proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (damages unavailable to convicted felon if it "would necessarily imply the invalidity of his conviction or sentence.")

9. Because a finding of guilty in the criminal proceeding will directly influence the federal claims raised in this § 1983 action, the Court should decline to hear these issues until the criminal proceeding is completed.

10. As a matter of efficiency, Plaintiff should not be permitted to use this § 1983 action as a vehicle to duplicate discovery already available to him in his criminal proceeding. *See Matter of Film Recover Systems, Inc.*, 804 F.2d 386, 389 (7th Cir. 1986) (discouraging duplicative discovery).

11. Furthermore, as a matter of equity, proceeding at this point with a § 1983 action is unfair to all parties involved. It is unfair to Defendant Officers because any reasonable attempts to proceed with discovery (including the deposition of Plaintiff and interrogatories to Plaintiff) would be thwarted by Plaintiff's invocation of his Fifth Amendment privileges against self-incrimination. It is also unfair to Plaintiff because if he invokes his privilege against self-incrimination, he will be unable to respond factually to any motion by Defendant Officers for summary judgment.

12. There will be no prejudice to Plaintiff in this case if this matter is stayed until the underlying criminal proceedings against him are resolved.

WHEREFORE, Defendant Officers respectfully request that the proceedings in this case be stayed until the criminal proceeding is resolved.

Respectfully submitted,

/s/ Shneur Z. Nathan_____

SHNEUR Z. NATHAN
Attorney for Defendant Officers
Assistant Corporation Counsel

Shneur Z. Nathan
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 6294495

## CERTIFICATE OF SERVICE

I, Shneur Z. Nathan, an attorney, hereby certify that on May 19, 2008, I caused Defendant Officers' Motion to Stay to be served upon the *pro se* Plaintiff by filing the same before the Court via the ECF system and sending a copy via U.S. Mail to the address listed below:

Steve Jackson (20060060297)
2600 S. California Ave
Division 10, Tier 2-C
P.O Box 089002
Chicago, Illinois 60608

/s/ Shneur Z. Nathan____
Shneur Z. Nathan