## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7066 | DATE | July 31, 2008 |
| CASE TITLE | Stevie Jackson (#2006-060297) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's requests for the appointment of counsel [44], [45] are denied at this time. Plaintiff's request to add defendants [46] is denied at this time. Plaintiff's request for information is granted.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff Stevie Jackson, an inmate at the Cook County Jail, has filed a motion for the appointment of counsel and a request for information about the status of his case. Unlike a criminal defendant, a civil litigant, like plaintiff in this case, does not have a constitutional or statutory right to counsel. *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). A district court may, in its discretion, request that an attorney represent a party, if the party is unable to afford or obtain counsel, and the party is unable to represent himself competently. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *see also Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). A court considers several factors when determining whether to appoint counsel: is the plaintiff financially unable to afford counsel, has the plaintiff made reasonable efforts to retain counsel, was the plaintiff effectively precluded from making such efforts, does the case involves complex issues and discovery or an evidentiary hearing, such that appointment of counsel would benefit the plaintiff, and can the plaintiff effectively represent himself. *Pruitt v. Mote*, 503 F.3d at 656-59; *Gil v. Reed*, 381 F.3d at 656.

Appointment of counsel is not warranted at this time, particularly given the status of this case. Currently, this case is stayed pending resolution of plaintiff's criminal proceedings. This case involves issues that are also involved in or may affect plaintiff's criminal case. This case cannot proceed forward until it is clear that the resolution of the claims raised in this case will not affect plaintiff's criminal case. *See Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995). A status hearing in this case is set for October 16, 2008. The Court shall be informed at that time of the status of plaintiff's criminal case. Until the stay is lifted, there shall be no activity in this case. Accordingly, plaintiff's requests for counsel and to add defendants are denied.

| | Courtroom Deputy Initials: | isk |
|---|---|---|