# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7066 | **DATE** | February 23, 2011 |
| **CASE TITLE** | Stevie Jackson (B-63752) vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to reopen his case (Dkt. No. 94), is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Stevie Jackson, filed a pro se civil rights complaint against the City of Chicago, the Police Commissioner, and several police officers, alleging excessive force and false arrest. (Dkt. No. 1). The case was assigned to Judge Wayne Andersen of this Court, now retired. Plaintiff was allowed to proceed *in forma pauperis*, but his motion for appointment of counsel was denied. (Dkt. No. 8). A first amended complaint was filed March 17, 2008. (Dkt. No. 13). On June 19, 2008, the Court granted defendants' motion to stay the case pending the outcome of state court charges against the plaintiff. (Dkt. No. 41). The case was nonetheless on the Court's status hearing calendar approximately every 60 days thereafter, although plaintiff was incarcerated at that time. (Dkt. Nos. 55, 62, 65, 66). On numerous occasions, plaintiff sent letters to the Court requesting information about his case and requesting appointment of counsel. (Dkt. Nos. 58, 59, 63). Four requests for appointment of counsel were denied. (Dkt. No. 8, 64, 67, 87).

     The Court dismissed the case for want of prosecution after plaintiff failed to appear at status hearings on October 15 and October 29, 2009. (Dkt. No. 66). Once released from custody, plaintiff appeared in Court at several unscheduled times to inquire about his case. (Dkt. Nos. 67, 68). The Court entered an order instructing plaintiff to file a motion to vacate the dismissal, giving him repeated extensions of time to do so. (*Id*.). A motion to vacate was filed on December 11, 2009, and granted on January 14, 2010 over defendants' objection. (Dkt. Nos. 69-71).

     Defendant officers then answered the complaint, and the City and the Superintendent moved to dismiss. (Dkt. Nos. 77, 78). The Court ordered plaintiff to respond to the motion by April 30, extending that date to May 28, 2010 on plaintiff's representation that he had not received the motion to dismiss and a finding that the notice of motion had been misaddressed. (Dkt. Nos. 81, 87). On June 4, the Court rejected plaintiff's second representation that he had not received the motion and ordered plaintiff "to show good cause in writing why the case should not be dismissed for want of prosecution for failing to respond to Defendants' motion to dismiss[,]" warning that failure to do so within 14 days would result in dismissal of the case. (Dkt. No. 91). No response having been filed, on July 22, 2010, the case was dismissed for want of prosecution pursuant to Rule 41(b). (Dkt. No. 92). Judgment was entered on July 26, 2010. (Dkt. No. 93).

     On January 24, 2011, plaintiff filed a motion to reopen the case. (Dkt. No. 94). He explains that he

suffered from mental illness during 2010 and had been at times living on the streets, in a psychiatric ward and in a half way house. (*Id*. at 1). He also claims that he lost his memory during that period.

He also provides a letter from a pastor who asserts that plaintiff is suffering from mental illness and copies of January 2011 prescriptions for Olanzapine, Fluoxetine, and Divalproex. (*Id*. at 4-6). Olanzapine is used to treat symptoms of Schizophrenia and bipolar disorder. U.S. National Library of Medicine, National Institutes of Health, *Olanzapine*, *available at* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000161 (last visited February 7, 2011). Olanzapine is marketed under the trade names of Zyprexa, Zalasta, Zolafren, Olzapin, Oferta, and Zypadhera. Wikipedia, *Olanzapine*, *available at* http://en.wikipedia.org/wiki/Olanzapine (last visited February 7, 2011). Fluoxetine is commonly known as Prozac and is an antidepressant. Wikipedia, *Fluoxetine*, *available at* http://en.wikipedia.org/wiki/Fluoxetine (last visited February 7, 2011). Divalproex, which is commonly known as Depakote, is used to treat manic episodes of bipolar disorder. Wikipedia, *Fluoxetine*, *available at* http://en.wikipedia.org/wiki/Divalproex (last visited February 7, 2011).

Plaintiff's motion to reopen must be treated as a motion under Rule 60(b) of the Federal Rules of Civil Procedure because it was filed almost six months after the entry judgment. *See Kswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009). The relevant section, Rule 60(b)(1), allows for relief from a judgment for "excusable neglect." FED. R. CIV. P. 60(b)(1); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (explaining that Rule 60(b)(1)'s excusable neglect standard is used when a party seeks relief from a judgment imposed because of delay or inattentiveness in litigating a case). "The standard for reviewing whether neglect was 'excusable' is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (explaining that the *Pioneer* standard is used for an excusable neglect claim raised under the Federal Rules of Civil Procedure). The ultimate question of whether excusable neglect occurred is "'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Raymond*, 442 F.3d at 606 (quoting *Pioneer*, 507 U.S. at 395).

Parties have a duty to attend to their cases, *Easley v. Kirmsee*, 382 F.3d 693, 698-99 (7th Cir. 2004) and this includes pro se parties because it is "well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Judge Andersen provided plaintiff multiple chances to litigate his case including vacating the first want of prosecution judgment from 2009. Judge Andersen also issued multiple warnings to plaintiff that he needed to follow the Court's rules and deadlines or his case would be dismissed. It is clear that plaintiff is someone who is unable to comply with Court deadlines and litigate a case as required.

The Court recognizes that plaintiff claims that he was suffering from mental illness in 2010. However, it is clear that plaintiff's inability to meet Court requirements began far before 2010, his case was first dismissed for want of prosecution in 2009. The Seventh Circuit has also been skeptical that illness can constitute excusable neglect because a party may inform the Court of his illness. *See Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118 (7th Cir. 1994).

In addition, the Court recognizes that the case was recently reassigned from Judge Andersen to this

| STATEMENT |
|---|
| Court because of Judge Andersen's retirement. The Court is reviewing the record based on the findings made by Judge Andersen. The Court does have the authority to reopen the case under Rule 60(b)(1). However, with the reassignment of the case from Judge Andersen, the Court is presented with findings made by another Judge which are traditionally deferred to under the law of the case. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). As explained in *Pioneer*, the question of whether to excuse a party's neglect and reopen a case is ultimately an equitable one based on a Judge's discretion. Judge Andersen exercised his discretion in dismissing this case after providing plaintiff multiple chances and warnings. That choice is reasonable and the Court sees no reason to reject it.<br><br>For the reasons set forth above, plaintiff's motion to reopen his case (Dkt. No. 94), is denied. |